UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-01280-TWP-TAB |
| | ) |
| PAUL TALBOT, Dr., MICHELLE LAFLOWER, | ) |
| Health Services Administrator, LISA BERGESON, | ) |
| Regional Manager, WEXFORD HEALTH OF | ) |
| INDIANA, LLC, IKE RANDOLPH[1], LAURA | ) |
| BODKIN, CARL E. KUENZLI, M.D., and | ) |
| LEEANN IVERS, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT WEXFORD'S MOTION TO DISMISS AND DENYING DEFENDANTS BODKIN'S AND RANDOLPH'S MOTIONS TO DISMISS**

This matter is before the Court on Defendants Lisa Bergeson's, Lee Ann Ivers', Carl Kuenzli, M.D.'s, Michelle Laflower's, Paul A. Talbot, M.D's. and Wexford Health of Indiana, LLC's ("Wexford"), (collectively, the "Wexford Defendants"), Motion to Dismiss Count III of the Plaintiff's [Second] Amended Complaint, (Dkt. 115), and Defendants Laura Bodkin's ("Bodkin") and Ike Randolph's ("Randolph") Motion to Dismiss all claims against them, (Dkt. 130). Plaintiff Charles Barker ("Barker") filed this civil rights action based on medical treatment he received while a prisoner in the Indiana Department of Correction. He alleges, as relevant here, (1) that Defendant Wexford is liable for the actions of its employees under the doctrine of *respondeat superior* and (2) that Defendants Bodkin and Randolph showed deliberate indifference to Barker's serious medical needs when they failed to take action on his grievances complaining about lack of

---

[1] Defendant Randolph's first name was listed in the initial Complaint as "Ike"; however, the Court acknowledges that his first name is actually Isaac.

medical treatment.  As discussed below, the Wexford Defendants' motion to dismiss is **granted**, while Bodkin's and Randolph's Motion to Dismiss is **denied**.

## I.    BARKER'S ALLEGATIONS

A full recitation of Barker's allegations is not necessary to resolve the motions now before the Court, but a short summary will give context to the parties' arguments.

Barker was in custody at the Pendleton Correctional Facility from at least November 2018 through June 2019.  In June 2019, he was transferred to the Miami Correctional Facility, where he remains in custody today.  Bodkin is a grievance specialist at Pendleton, Randolph is the communications director at the Miami Correctional Facility, and Wexford is a private contractor that provides medical services on behalf of the Indiana Department of Correction at both prisons.

Barker alleges that he suffers from Large B Cell Lymphoma and Charcot Marie Tooth Disease (CMT), a neurological disorder.  As part of his CMT treatment, Barker wore braces on his legs.  He filed grievances on June 15, 2018, and March 29, 2019, asserting that his leg braces did not fit with his shoes.  Bodkin did not take action on either grievance.

On November 25, 2018, Barker complained of difficulty breathing and swallowing due to a "swollen lump" in his neck.  Shortly thereafter, he reported a "knot" under his right arm.  Despite multiple grievances, healthcare request forms, and medical visits, Barker did not receive an ultrasound until March 4, 2019.  Even after the ultrasound was returned, no cancer treatment began.

On March 25 and March 28, 2019, Barker submitted emergency grievances to Bodkin complaining about his lack of treatment.  (*See* Dkt. 76-1 at 1 ("I have cancer and nothing is being done about it.").)  Barker never received a response to either grievance.

Sometime between April 8 and April 15, 2019, Barker received a biopsy for the mass under his arm. On April 15, 2019, Dr. Paul Talbot reviewed the biopsy and diagnosed Barker with Diffuse B Cell Lymphoma. Barker began chemotherapy on May 13, 2019.

In June 2019, Barker was transferred to Miami Correctional Facility. His arm has progressively deteriorated, such that it is now effectively paralyzed. He also requires a wheelchair.

In March 2020, Barker submitted a grievance seeking to consult with a CMT expert. That grievance was denied, and Randolph denied the appeal but offered no substantive rationale.

## II.   WEXFORD DEFENDANTS' MOTION TO DISMISS

Barker raises two claims against Wexford and the Wexford Defendants, both labeled "Count III". The first is that Wexford maintains a policy of not providing constitutionally adequate medical care to inmates when such care is expensive. (Dkt. 100 at 18-19, ¶¶ 95−103) ("Count III.A"). The second is that Wexford is liable for its employees' allegedly unconstitutional acts. *Id.* at 19-21, ¶¶ 104−17 ("Count III.B"). The Wexford Defendants' Motion to Dismiss addresses only Count III.B.

As Wexford notes, the Seventh Circuit has repeatedly held that private corporations acting under color of state law are not liable under *respondeat superior* in 42 U.S.C. § 1983 actions. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (collecting cases). Instead, corporate liability requires some policy, practice, or custom that caused a constitutional violation. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 966 (7th Cir. 2019).

Barker argues that the Seventh Circuit should reconsider the rule insulating corporations from *respondeat superior* liability. (Dkt. 126 at 1-3.) But this Court is bound by Seventh Circuit precedent. *Reiser v. Res. Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. . . . [D]istrict judges must

follow the decisions of [the relevant court of appeals] whether or not they agree."). And under that precedent, Barker's claim based on *respondeat superior* liability must be dismissed.

### III.     BODKIN'S AND RANDOLPH'S MOTION TO DISMISS

Barker alleges that Bodkin and Randolph were deliberately indifferent to his serious medical needs when they failed to take action on his grievances complaining about lack of proper medical treatment.

Bodkin and Randolph argue they cannot be held liable for handling grievances. (Dkt. 131.) This is a misleading oversimplification of the law. It is true that prisoners have no constitutional right to a grievance system, so a mishandled grievance on its own does not create a cause of action. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). But "once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (quotation marks omitted) (plaintiff stated a claim for relief by alleging grievance specialists "turned a blind eye" to complaints about lack of proper medical treatment).

In their Reply, Bodkin and Randolph assert that Barker's allegations are false and that they could not have taken action to improve his medical treatment. (Dkt. 141 at 2−3.) They argue that non-medical prison officials like themselves are "'generally'" justified in relying on medical professionals' treatment decisions. *Id.* at 2 (quoting *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019)). But whether Bodkin and Randolph were so justified in this case is a matter of dispute—one to be resolved, at the earliest, at summary judgment. *See Giles*, 914 F.3d at 1050−51 (affirming grant of summary judgment in favor of non-medical officials because the record

revealed no evidence that they knew about and disregarded alleged unconstitutional medical treatment).

## IV.     CONCLUSION

Wexford Defendants' Motion to Dismiss, Dkt. [115], is **GRANTED**.  Claim III.B, set forth in paragraphs 104 through 117 of the Second Amended Complaint, is **dismissed**.

Defendants Bodkin's and Randolph's Motion to Dismiss, Dkt. [130], is **DENIED**.

Barker's Motion to Strike an erroneous filing, Dkt. [139], is **GRANTED**.  His original response to Bodkin's and Randolph's Motion to Dismiss, Dkt. [137], is **stricken**.

Bodkin's and Randolph's Motion to file a belated reply, Dkt. [142], is **GRANTED**.  The Court considered the belated reply in deciding their Motion to Dismiss.

**SO ORDERED.**

Date:  12/18/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Charles Barker, #976850
MIAMI CORRECTIONAL FACILITY
3038 West 850 South
Bunker Hill, Indiana  46914-9810

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bryan.findley@atg.in.gov

Margo Tucker
INDIANA ATTORNEY GENERAL'S OFFICE
margo.tucker@atg.in.gov